UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| T BARRON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-04269 |
| § | |
| KELSEY-SEYBOLD MEDICAL GROUP, § | |
| PLLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is the defendants', Kelsey-Seybold Medical Group, PLLC ("KSMG") and KS Management Services, LLC ("KSMS") d/b/a Kelsey Seybold Clinic, Amended Motion to Dismiss the plaintiff's, Tara Baron, original complaint [DE 8]. Also, before the Court is the same parties' Original Motion to Dismiss, [DE 6]. That Original Motion is struck and is no longer under consideration.

The plaintiff filed an Original Response [DE 12] and shortly, thereafter, filed an Amended Response [DE 13]. The Original Response is struck and no longer under consideration. Finally, before the Court is the defendants' reply in response to the plaintiff's response [DE 15]. Now, the Court, having considered the Amended Motion, Amended Response, Reply and proffered arguments, determines that the motion should be Denied.

**II.**

In its motion, the defendants' assert that the plaintiff fails to: (a) pled a "plausibl[y]" claim of discrimination (the defendants then sets out that the pleadings fail to satisfy a "*prima facie*" showing of discrimination); (b) plausibly plead retaliation (the defendants support this argument

by asserting that no "materially adverse action" is revealed that shows a "causal connection between the plaintiff's protected conduct and any materially adverse employment action taken by the defendants; (c) the plaintiff's complaint fails to "plausibly" pled harassment (in this regard, the defendants assert that there is no race-based discrimination alleged and any claims after January 2022 are barred; (d) no severe pervasive conduct asserted and the plaintiff conflates her discrimination and harassment charges.

To round out the panoply of pleading deficiencies in the plaintiff's complaint, the defendants allege that the plaintiff does not state that the defendants are her employer, no constructive discharge act is pled, and the defendants do not have fair notice of the plaintiff's claims.

### III.

The plaintiff meets the defendants' several arguments for dismissal, first by pointing out that the plaintiff's case, unlike the class action suit brought by *Twombly*, is not a class action and, therefore, does not dictate the level of specificity announced by the Supreme Court in *Twombly*. *See Bell At'l Corp. Twombly*, 550 U.S. 544 (2007). Hence, a heightened pleading is unnecessary in an individual complaint where the claims alleged are supported by pleadings that inform a defendant of the nature of her suit by both claims and facts. *Id.* at 570, *see also Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002).

The Court holds that a lesser, yet "fair notice" standard is all that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires to sustain an initial claim for relief in an original complaint. The plaintiff's Original Complaint asserts that she was discriminated against, based on race, that she was subjected to a hostile work environment, was retaliated against and was constructively discharged when she sought to "right the ship". Whether the plaintiff's assertions can be proved

true is a matter to be resolved by a jury. Whether she can meet the standards necessary to establish a *prima facie* case, is not a proper review standard for a motion to dismiss. And, whether others were less or better qualified or similarly situated to the plaintiff's status, are all matters to be determined based on evidence. Hence, the Court accepts as true the plaintiff's allegations.

Concerning two other issues, the issue of who the plaintiff's employer is, is at best, an affirmative defense unless all of the defendants share in the position of "employer". It, therefore, is the defendants' duty to seek dismissal of all parties whom the plaintiff sued that are not her employer. Whether the plaintiff conflates her claim(s) are also issue of fact that defeat the defendants' motion to dismiss.

Based on the foregoing analysis, the defendant's motion to dismiss is Denied.

It is so Ordered.

SIGNED on March 28, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge